IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00033-FDW

| ANDREW CHARLES SEAMONS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOHN HERRING, Superintendent; | ) |  |
| KEN BEAVER, Assistant | ) | **ORDER** |
| Superintendent; FNU HATTLEY, | ) |  |
| Unit Manager; FNU WILLIAMS, | ) |  |
| Sergeant; FNU LAMBERT, | ) |  |
| Sergeant, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

Plaintiff is a state inmate confined in the Lanesboro Correctional Institution and in his complaint he alleges that on January 15, 2017, the toilet in his cell flooded and officers responded by cutting off the flow of water. Plaintiff contends he was then handcuffed by officers and escorted from his cell and one or more officers threatened to remove him from segregation and place him in the general population. (Compl. at 4).

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court found that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative

remedies is a matter to be determined by referencing the law of the state where the prisoner is incarcerated. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).[1]

The alleged actions Plaintiff complains of took place on January 15, 2017, and the envelope in which Plaintiff mailed his complaint is dated January 18, 2017, (Doc. No. 1-1); therefore because it plainly appears that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint, this action will be dismissed.

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: January 27, 2017

Frank D. Whitney
Chief United States District Judge

---

[1] http://www.doc.state.nc.us/dop/policy_procedure_manual/index.htm